# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Cornell Drapes (#N-10531), ) | |
| ) | |
| Plaintiff, ) | Case No. 14 CV 9850 |
| ) | |
| v. ) | |
| ) | Judge Rebecca R. Pallmeyer |
| Marcus Hardy, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendants' renewed motion to dismiss [#92] the amended complaint for failure to state a claim is granted in part and denied in part. The court dismisses Michael Lemke, Tarry Williams, Michael Magana, and Salvador Godinez as Defendants pursuant to FED. R. CIV. P. 12(b)(6). The court denies the motion to dismiss as to Defendant Marcus Hardy. The court directs Defendant Hardy to answer or otherwise plead by February 26, 2018. Plaintiff's request to recruit counsel to identify John and Jane Doe medical care providers is denied. This matter is set for a telephone status conference with Plaintiff on March 8, 2018, at 8:30 a.m. Defense counsel should initiate the call from his office.

Plaintiff Cornell Drapes, an Illinois state prisoner, has brought this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, five former wardens at the Stateville Correctional Center, violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. Plaintiff alleges that he was denied timely care and treatment for a growth on his vocal cords.

Recruited counsel for Plaintiff filed a First Amended Complaint. After the court permitted counsel to withdraw, Plaintiff chose to stand on his amended complaint rather than draft a second amended complaint. This matter is before the court for ruling on Defendants' renewed motion to dismiss the amended complaint for failure to state a claim. For the reasons stated in this order, the motion is granted in part and denied in part.

## Facts and Background

Plaintiff Cornell Drapes is an Illinois state prisoner. (R. 20, First Amended Complaint, ¶ 2.) Plaintiff was incarcerated at the Stateville Correctional Center at all times relevant to this lawsuit. (*Id.*) Defendant Marcus Hardy was Stateville's warden from December 2009 to January 2013. (*Id.*, ¶ 3.) Defendant Michael Lemke was the warden at Stateville from January 2013 to December 2013. (*Id.*, ¶ 4.) Defendant Michael Magana was the prison's warden from December 2013 to March 2014. (*Id.*, ¶ 5.) Defendant Tarry Williams was Stateville's warden from December 2013 to March 2014. (*Id.*, ¶ 6.) The First Amended Complaint also alludes to a "Defendant John or Jane Doe [who] was (or is) the person(s) responsible from screening sick call requests from August 17, 2009, until today." (*Id.*, ¶ 7.)

Plaintiff alleges the following facts, assumed true for purposes of the motion to dismiss: Prior to his arrival at Stateville in June 2012, Plaintiff was under care and treatment for throat

issues and other medical issues. (*Id.*, ¶ 10.) Outside doctors had performed a biopsy of a growth on Plaintiff's vocal cords, but he had never received the results. (*Id.*) Plaintiff therefore did not know whether the lesion was cancerous. (*Id.*)

Upon his intake at Stateville, Plaintiff underwent a medical screening. (*Id.*) Plaintiff advised the medical staff that he needed to see a doctor about the growth on his vocal cords. (*Id.*) The medical team informed Plaintiff that no physician was available that day, but they assured him that he would see a doctor within a week or two. (*Id.*)

Plaintiff's condition became progressively worse while he waited to see a doctor. (*Id.*, ¶11.) Plaintiff could barely speak, and he sucked on cough drops "constantly" to soothe his sore throat. (*Id.*) On two different occasions, Plaintiff encountered an assistant warden (Edwards, not a named Defendant[1]) and relayed his concerns. Edwards promised to make sure Plaintiff was seen by a doctor, but no one in the health care unit scheduled an appointment with him or summoned him to see a physician. (*Id..*) Plaintiff submitted sick-call requests and eventually filed a grievance, but his efforts did not result in a doctor's visit. (*Id.*)

On an unspecified date, Plaintiff wrote letters to Defendant Hardy and to the health care unit administrator concerning his ongoing health issues. (*Id.*, ¶ 12.) Neither responded to Plaintiff's request for assistance. (*Id.*)

In August 2012, a physician's assistant went to Plaintiff's cell to discuss his medical concerns with him. (*Id.*, ¶ 13.) She, too, promised Plaintiff that he would see a doctor, but no medical examination followed. (*Id.*)

A few weeks later, Defendant Hardy spoke to Plaintiff as he was making his rounds. (*Id.*) Hardy instructed Plaintiff to write to him if he did not see a doctor soon. (*Id.*) Plaintiff wrote Hardy a letter on August 31, 2012,[2] but he received no response to the letter and did not see a doctor. (*Id.*)

Thereafter, Plaintiff continued to submit letters and grievances to the prison administration. (*Id.*, ¶ 14.) In October 2012, Plaintiff filed an emergency grievance. (*Id.*) Plaintiff reported that he had made at least ten requests for medical care, that he was losing his voice, and that his condition was "urgent." (*Id.*)

In another grievance, filed on December 4, 2012, Plaintiff stated that two doctor's appointments had been made for him, but that both were cancelled without his seeing anyone.

---

[1] In his original complaint, Plaintiff named Assistant Warden Edwards and Health Care Unit Administrator Royce Brown-Reed as Defendants. The First Amended Complaint does not name either Edwards or Brown-Reed as a Defendant.

[2] Although Defendants seize upon the stated date of August 31, 2014, in their reply brief, the court is satisfied that the year provided was a clerical, typographical, or scrivener's error, and that Plaintiff's counsel meant 2012. The pleading is in chronological order, and refers in the very next paragraph to "[o]the letters and grievances [that] followed." (R. 20, ¶ 14.) Moreover, Plaintiff had surgery in 2013. Consequently, only 2012 makes sense. And irrespective of when Plaintiff wrote the letter, he maintains that he personally spoke to Hardy on more than one occasion, as well as filed multiple grievances during the relevant time period.

(*Id.*)  By that point, Plaintiff's condition had deteriorated to such a degree that his fellow inmates dubbed him "Whispers."  (*Id.*)

An emergency medical technician ("EMT") finally examined Plaintiff in March 2013.  (*Id.*, ¶ 15.)  The EMT noted redness and soreness in Plaintiff's throat, along with difficulty speaking.  (*Id.*)  The EMT referred Plaintiff to an outside specialist.  (*Id.*)

The First Amended Complaint does not indicate whether Plaintiff has cancer, but on unspecified dates, doctors ultimately performed four successive surgeries to repair his vocal cords.  (*Id.*)

During the "months-long" denial of an evaluation and treatment prior to the eventual surgeries, Plaintiff suffered physical pain and mental stress.  (*Id.*)  He also believes that the lack of timely care may have resulted in permanent damage.  (*Id.*; *see also* ¶ 20.)  Plaintiff was continuing to suffer lingering pain as of the date of filing of the First Amended Complaint.  (*Id.*, ¶ 16.)

Plaintiff initiated this lawsuit in December 2014.  (*See* docket.)  The court recruited *pro bono* counsel to represent Plaintiff.  (R. 5, Order of December 19, 2014).  Counsel filed a First Amended Complaint on Plaintiff's behalf.  (R. 20.)  The served Defendants named in that pleading filed a motion to dismiss for failure to state a claim.  (R. 28, Defendants' Motion to Dismiss Plaintiff's Amended Complaint.)  The court struck the motion to dismiss in view of counsel's stated intention to file a second amended complaint.  (R. 46, Minute Entry of July 13, 2016.)

Ultimately, counsel sought leave to withdraw, citing an inability to file an amended complaint in accordance with counsel's ethical obligations under Fed. R. Civ. P. 11.  (R. 84, Motion to Withdraw from Assignment.)  The court granted counsel's motion for relief from assignment.  (*See* R. 87, Minute Entry of October 5, 2017.)  Proceeding *pro se* once again, Plaintiff elected to stand on his First Amended Complaint rather than draft a second amended complaint.  (See Minute Entry of November 16, 2017.)  Consequently, Defendants filed a renewed motion to dismiss the amended complaint for failure to state a claim.   The motion is now fully briefed.

## Legal Standard

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts—as well as any inferences reasonably drawn therefrom—in the light most favorable to the plaintiff.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *see also Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (same).  A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level.  *Id.* at 555.  While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more

than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "To survive a motion to dismiss under RULE 12(b)(6), a complaint must state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). But a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. *Independent Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).

## Discussion

Accepting Plaintiff's factual allegations as true at this stage of the proceedings, the court denies the motion to dismiss as to Defendant Hardy. Hardy must answer or otherwise respond to the first amended complaint. For the reasons explained below, the court dismisses all other Defendants pursuant to FED. R. CIV. P. 12(b)(6).

Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Prison officials must provide inmates with medical care that is adequate in light of the severity of the condition and professional norms. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 832 (1988); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). "Deliberate indifference may occur where a prison official, having knowledge of a significant risk to inmate health or safety,. . . delays a prisoner's treatment for non-medical reasons, thereby exacerbating his pain and suffering." *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (citing *McGowan v. Hulick,* 612 F.3d 636, 640 (7th Cir. 2010)).

A prisoner seeking to establish a cognizable constitutional violation under 42 U.S.C. § 1983 for denial of medical care must satisfy both an objective and a subjective component. *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775-76 (7th Cir. 2014). First, "the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety." *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). Second, the inmate must state facts showing that the defendants were deliberately indifferent to the substantial risk. *Id.* (citing *Farmer*, 511 U.S. at 832).

Plaintiff's allegations are sufficient to establish that his throat condition amounted to a serious medical need. "An objectively serious medical condition is one that 'a physician has diagnosed as needing treatment' or that is so obviously serious 'that even a lay person would easily recognize the necessity for a doctor's attention.'" *McDonald v. Hardy*, 821 F.3d 882, 888-89 (7th Cir. 2016) (quoting *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). "[A] medical condition that significantly affects an individual's daily activities [] or the existence of chronic and substantial pain" can be an objectively serious medical condition. *Hayes v. Snyder*, 546 F.3d 516, 523 (7th Cir. 2008).

Here, Plaintiff's alleged symptoms—severe and persistent pain, an inability to speak, and possible cancer—appears to rise to the level of constitutional concern. *See, e.g., DeJesus v. Godinez*, No. 16-3664, 2017 WL 6539380, at *4 (7th Cir. Dec. 21, 2017) (unpublished opinion) (assuming, in reviewing the district court's summary judgment ruling, that cancer is "serious"); *Dixon v. Cty. of Cook*, 819 F.3d 343, 350 (7th Cir. 2016) (noting the parties' agreement that

4

metastatic lung cancer was an objectively serious medical condition); *Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir. 1999) (a "blistering" in the prisoner's throat that prevented him from swallowing and caused him to spit blood was a "source of discomfort acute enough to constitute a serious medical need….") (citation omitted); *Burns v. Fenoglio*, 525 F. App'x 512, 515 (7th Cir. 2013) (unpublished decision) (district court improperly granted summary judgment for the State where treatment of a tumor was delayed for eight months after its discovery); *Hayes*, 546 F.3d at 523 ("even a layperson would realize that a man with cysts and growths on his testicles, who could not even urinate without extraordinary measures and who repeatedly complained of excruciating and increasing pain, would require a doctor's attention") (internal punctuation omitted).

With respect to the subjective prong, however, Plaintiff has not stated a cause of action against Michael Lemke, Tarry Williams, Michael Magana, or Salvador Godinez.[3] Plaintiff has alleged no facts suggesting any of the former wardens' direct, personal involvement, as required by *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (*inter alia*). Nor has Plaintiff provided a basis for an inference that the alleged violation of his constitutional rights occurred at any of those Defendants' direction, or with their knowledge and consent. *Id.* at 833-34. Section 1983 is premised on the wrongdoer's personal responsibility; therefore, an individual cannot be held liable in a civil rights action unless he caused or participated in an alleged constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted).

The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Section 1983 does not create collective or vicarious responsibility. *Id.* To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011) (citations omitted).

In the case currently before the court, Plaintiff concedes that he has no tenable cause of action against Defendants Lemke and Williams. *See* R. 96, Plaintiff's Response to Defendant's Renewed Motion to Dismiss Plaintiff's Amended Complaint, at p. 3, ¶ 2 ("Lemke and Williams should be dismissed."). But the court finds that Godinez and Magana are likewise entitled to dismissal.

Although given the opportunity to do so, Plaintiff chose to stand on his First Amended Complaint rather than submitting a second amended complaint. But the First Amended Complaint contains no allegations whatsoever relating to Godinez or Magana; they are not even mentioned in the fact section. Nor does Plaintiff elaborate in any way on, or provide factual support for, the conclusory assertions he makes concerning Godinez and Magana in his response to the motion to dismiss. Because Plaintiff has failed to offer any facts tending to show that those Defendants were personally involved in—or even aware of—the alleged

---

[3] The U.S. Marshal did not effect service on Godinez; therefore, Godinez did not join the other Defendants' motion to dismiss. But the court finds that service on Godinez would be pointless. The First Amended Complaint fails to state a colorable claim against Godinez for the same reasons the court finds that Plaintiff has no viable claim against the movants.

circumstances giving rise to this lawsuit, Godinez and Magana are dismissed as Defendants in this matter along with Lemke and Williams.

Plaintiff has, however, stated an actionable claim against Defendant Hardy. A supervisory official may learn of a constitutional violation by way of a grievance, and may become personally involved by ignoring such grievances. *See Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010); *see also Knight, supra*, 590 F.3d at 463 (a supervisory official may not turn a blind eye to a constitutional violation). The court recognizes that, generally, non-medical defendants, such as a warden, are entitled to rely on medical professionals' determinations regarding inmates' medical care. *See, e.g., Hayes, supra*, 546 F.3d 516, 526 (7th Cir. 2008); *Johnson v. Doughty*, 433 F.3d 1001, 1012 (7th Cir. 2006); *Greeno v. Daley*, 414 F.3d 645, 855-56 (7th Cir. 2005). Because non-medical personnel are not directly involved in an inmate's medical care, they are usually not liable for the treatment he or she receives. *Gevas v. Mitchell*, 492 Fed. Appx. 654, 660 (7th Cir. 2012) (unpublished opinion). Nevertheless, "[n]onmedical officers may be found deliberately indifferent if they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *McGee v. Adams*, 721 F.3d 474, 483 (7th Cir. 2013) (citations and quotations omitted); *Hayes,* 546 F.3d at 527; *Smith v. Wexford Health Sources, Inc.*, No. 15 CV 3730, 2017 WL 5464367, at *6 (N.D. Ill. Nov. 14, 2017) (Feinerman, J.) (same) (citation omitted).

In the case at bar, Plaintiff states that he repeatedly advised Hardy that he was not receiving medical care, but that Hardy failed to take any action to see that he received medical attention. Plaintiff contends that on more than one occasion, he verbally discussed his medical needs with Hardy. He further alleges that he wrote letters to Hardy seeking medical care, and filed grievances that Hardy would have reviewed. Therefore, the First Amended Complaint sufficiently alleges that Hardy was aware of Plaintiff's untreated condition. As Hardy was in a position to ensure that Plaintiff received medical treatment for a condition serious enough to cause significant pain and to require surgical intervention, he may be liable under 42 U.S.C. § 1983 for refusing to render assistance. The court therefore denies the motion to dismiss as to Defendant Hardy. Hardy must answer or otherwise respond to the First Amended Complaint.

Finally, Plaintiff's renewed request for attorney representation is denied. By Order of December 8, 2017, the court denied Plaintiff's request to recruit counsel to assist him in responding to Defendants' motion to dismiss, relying on the factors set forth in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *inter alia*. Plaintiff's present request does not persuade the court that its previous decision should be reconsidered.

In his response to Defendants' motion to dismiss, Plaintiff seeks recruitment of an attorney to identify the "John or Jane Doe medical defendants" (R. 96, at p. 4), but the court declines to do so. Although leave to amend should be "freely given when justice so requires," *see* Rule 15(a)(2), district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to defendants, or where amendment would be futile. *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Unfortunately, it is now too late for Plaintiff to identify and sue any John or Jane Doe defendants. There is a two-year statute of limitations for civil rights actions in Illinois. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Plaintiff's claims accrued, at the latest, some time in 2013, when he underwent surgery. Any claim against

new Defendants in this 2014 case would therefore be untimely. *See, e.g., Vance v. Rumsfeld*, 701 F.3d 193, 211 (7th Cir. 2012) (Wood, concurring) ("[W]e do not permit relation back under Federal Rule of Civil Procedure 15(c)(1)(C) where the plaintiff simply did not know whom to sue") (citations omitted); *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980); *see also Williams v. Hardy*, No. 11 CV 4838, 2012 WL 1719181, *3 (N.D. Ill. May 15, 2012) (Guzmán, J.) (same). Thus, Plaintiff's stated reason for wanting an attorney assigned to his case is a non-starter.

Moreover, this case is not complex; should this matter go to trial, Plaintiff need only testify about his purported conversations with and letters to Defendant Hardy, and about the pain and suffering he allegedly endured. Expert evidence will not likely be necessary. It should also be noted that the court grants *pro se* litigants wide latitude in their handling of a given case. Plaintiff appears quite capable of presenting his claims. Accordingly, for the reasons set forth in the court's recent order denying counsel, Plaintiff's renewed request is denied.

For the foregoing reasons, the court Defendants' motion to dismiss the First Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim against Defendants Salvador Godinez, Michael Lemke, Michael Magana, and Tarry Williams. The court denies the motion as to Defendant Hardy. The court directs Hardy to answer or otherwise plead by the above deadline.

ENTER:

Date: January 16, 2018

REBECCA PALLMEYER
United States District Judge